UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANWAR A. ALVI,

                Plaintiff,                                   **MEMORANDUM AND ORDER**
                                                                                       12 CV 2662 (DRH) (AKT)

        -against-

AQUA AT LAKESHORE EAST LLC,
AQUA AT LAKESHORE EAST
CONDOMINIUMS, and MAGELLAN
DEVELOPMENT GROUP, LLC.,

                Defendants.
----------------------------------------------------------X
**APPEARANCES:**

**LAW OFFICE OF ELIOT F. BLOOM, ESQ.**
Attorneys for Plaintiff
Hillside Professional Center-Building B
2 Hillside Avenue
Williston Park, New York 11596
By:    Eliot F. Bloom, Esq.

**LEVENFELD PEARLSTEIN, LLC**
Attorneys for Defendants
2 North Lasalle Street, Suite 1300
Chicago, Illinois 60602
By:    Christopher M. Heintskill, Esq.

**HURLEY, Senior District Judge:**

       Anwar A. Alvi ("plaintiff" or "Alvi") commenced this action against, *inter alia*, Aqua at Lakeshore East LLC ("Aqua") and Magellan Development Group, LLC ("Magellan") (collectively, the "defendants") to rescind his condominium purchase agreement and have his deposit returned due to defendants' failure to comply with the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. § 1701, *et seq.*[1] Presently before the Court is defendants' motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6)

---

[1] Although plaintiff also brought suit against Aqua at Lakeshore East Condominiums, he subsequently withdrew his action against that defendant.

on the grounds that the contract is exempt from the ILSFDA or, alternatively, the action is barred by the applicable three-year statute of limitations. For the reasons set forth below, defendants' motion is granted.

## BACKGROUND

The following facts are drawn from the allegations in the Complaint and are assumed to be true for purposes of this motion.

On June 26, 2007, Alvi entered into a contract with defendants to purchase condominium unit 6202 (the "Unit") and a related parking space at a condominium development located in Chicago, Illinois to be known as Aqua at Lakeshore East Condominiums ("Aqua Condominiums").[2] (Compl. ¶¶ 8-9.) "The contract and related closing was to be completed within two (2) years of entering into the contract." (*Id.* ¶ 9.) Plaintiff made a contract deposit of $40,000.00 "with the reasonable expectation of obtaining a mortgage loan." (*Id.* ¶ 10.) According to plaintiff, because defendants made untrue representations regarding the availability of mortgage lenders, he was unable to obtain the necessary financing to complete the purchase. (*Id.* ¶¶ 10-11, 21.)

Plaintiff also states that defendants failed to: (1) advise him of the risks associated with the completion of the development which ultimately caused financing and lending institutions to deem the development "high risk;" (2) register the condominium with the U.S. Department of Housing and Urban Development ("HUD"); and (3) provide him with a property report prior to the execution of the contract. (*Id.* ¶¶ 12-16.) As for the contract itself, Alvi represents that it: (1) did not include a description of the property sold in a form that may be recorded; (2) contained a provision preventing him from recording the contract; and (3) failed to contain

---

[2]     Aqua was the developer and Magellan was the construction company under which Aqua sold units in the Aqua Condominiums. (Compl. ¶¶ 6-7.)

language clearly stating the existence of his right to revoke the contract within two years of execution. (*Id.* ¶¶ 18-20.)

## DISCUSSION

### I. *Legal Standard*

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6).[3] First, in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) that "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Twombly*, 550 U.S. at 561 (quoting *Conley*, 355 U.S. at 45-46). To survive a motion to dismiss, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true.

*Id.* at 555 (internal quotation marks, citations, and alterations omitted).

---

[3] It is well-settled that "[a] motion to dismiss on statute of limitations grounds is properly viewed as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Jowers v. Lakeside Family & Children's Servs.*, 435 F. Supp. 2d 280, 283 (S.D.N.Y. 2006) (internal quotation marks and citation omitted); *see also Ghartey v. St John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss.").

More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court provided further guidance, setting forth a two-pronged approach for courts deciding a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The Supreme Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable interference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see also Ortiz v. City of New York*, 755 F. Supp. 2d 399, 401 (E.D.N.Y. 2010) ("[A] complaint must contain factual allegations to support the legal conclusions and the factual allegations must plausibly give rise to an entitlement of relief.") (internal quotation marks omitted).

## II.    *Defendants' Motion to Dismiss*

In their motion to dismiss, defendants argue that plaintiff has failed to state a claim under Rule 12(b)(6) because: (1) "the contract on which he predicates his claim is exempt from the ILSFDA;" and (2) even if the ILSFDA applies, "[p]laintiff's claims are nonetheless barred by

4

the statute's applicable three-year statute of limitations." (Defs.' Mem. at 2.) Each contention will be addressed in turn.

### A.     *Applicability of ILSFDA*

As previously indicated, plaintiff's claims are premised on alleged violations of the ILSFDA. "In basic terms, ILS[FDA] protects individual buyers or lessees who purchase or lease lots in large, uncompleted housing developments, including condominiums, by mandating that developers make certain disclosures." *Bacolitsas v. 86th & 3rd Owner, LLC*, 702 F.3d 673, 676 (2d Cir. 2012); *see also Flint Ridge Dev. Co. v. Scenic Rivers Ass'n of Okla.*, 426 U.S. 776, 778, 96 S. Ct. 2430, 49 L. Ed. 2d 205 (1976) (noting that ILSFDA was "designed to prevent false and deceptive practices in the interstate sale of unimproved tracts of land by requiring developers to disclose information needed by potential purchasers"); *Winter v. Hollingsworth Props., Inc.*, 777 F.2d 1444, 1447 (11th Cir. 1985) ("Congress, in passing [ILSFDA], desired to protect purchasers from unscrupulous sales of undeveloped home sites, frequently involving out-of-state sales of land purportedly suitable for development but actually under water or useful only for grazing."). Section 1703 of the ILSFDA makes it unlawful for a developer or agent to sell or lease any lot unless a statement of record with respect to such lot is submitted to the HUD and wait until such statement is "in effect,"[4] and a printed property report containing certain disclosures "has been furnished to the purchaser or lessee in advance of the signing of any contract or agreement by such purchaser or lessee." 15 U.S.C. §§ 1703(a)(1)(A)-(B). Section 1702, however, enumerates certain transactions for the sale or lease of lots that are exempt from the ILSFDA. *See* 15 U.S.C. § 1702(a). Overall, courts have construed the protections provided by the ILSFDA broadly

---

[4]     "Following passage of the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 11-203 (2010) (codified in part at 12 U.S.C. § 5481 – 5603), . . . the rulemaking and other authority historically vested in HUD under the Interstate Land Sales Full Disclosure Act was transferred to the newly created Consumer Financial Protection Bureau." *Bacolitsas*, 702 F.3d at 675 n.1; *see also* 12 U.S.C. § 5581.

5

while construing the exemptions narrowly. *See, e.g.*, *An v. Leviev Fulton Club, LLC*, 2010 WL 3291402, at *1 (S.D.N.Y. August 10, 2010) (citing *Beauford v. Helmsley*, 740 F. Supp. 201, 209 (S.D.N.Y. 1990)).

The exemption at issue in this case, commonly referred to as the Improved Lot Exemption, states that the provisions of ILSFDA "shall not apply to . . . the sale or lease of any improved land on which there is a residential, commercial, condominium, or industrial building, or the sale or lease of land under a contract obligating the seller or lessor to erect such a building thereon within a period of two years." 15 U.S.C. § 1702(a)(2). In order to qualify for the Improved Lot Exemption, the "sales contract must obligate the seller to build and deliver the required structure within two years of the date that the purchaser signs the contract and incurs obligations." *Long v. Merrifield Town Ctr. Ltd. P'ship*, 611 F.3d 240, 242 (4th Cir. 2010); *see also An*, 2010 WL 3291402, at *2 ("In order for the Defendant to be exempt under the Improved Lot Exemption, each contract must obligate the Defendant to erect the condominium units within two years of the purchaser's signing of the contract."); *Mosher v. Southridge Assocs., Inc.*, 552 F. Supp. 1226, 1229 (W.D. Pa. 1982) (finding that "it is clear from the terms of the agreement that completion and delivery was to be performed within 24 months"). As such, defendants' contract with Alvi must have obligated the construction and delivery of the Unit by June 26, 2009.

To support their theory that the contract is exempt from the ILSFDA, defendants rely solely on the allegation in the Complaint that "[t]he contract and related closing was to be completed within two (2) years of the entering of the contract." (Compl. ¶ 9.) As an initial matter, it is questionable whether alleging that the closing was to be completed within two years can be construed as placing an unconditional commitment on defendants to build and deliver the

Unit to plaintiff within two years of entering into the contract. In any event, the Complaint is silent as to whether such a purported obligation was part of the contract at issue. It is telling that defendants neither submit the contract nor quote to its terms in support of their exemption argument. Under the present circumstances, the Court is unable to ascertain whether defendants had an unconditional contractual obligation to build and deliver the Unit within two years of the contract's execution. Therefore, there is no basis to conclude that this action is exempt from the ILSFDA.

### B. Timeliness of Plaintiff's ILSFDA claims

Even if the ILSFDA applies, defendants maintain that all of plaintiff's claims are barred by the applicable statue of limitations. According to defendants, Section 1711 of the ILSFDA "provides that *all* claims must be asserted within three years of the date of execution of the relevant purchase agreement." (Defs.' Mem. at 7 (emphasis added).) This contention is not accurate.

Section 1711 sets forth the relevant statute of limitations for all claims brought under the ILSFDA.[5] *See* 15 U.S.C. § 1711. While the statute of limitations for all claims brought under the ILSFDA is three years, the accrual date varies depending on the type of claim being asserted. *See Bodansky v. Fifth on Park Condo, LLC*, 635 F.3d 75, 83-84 (2d Cir. 2011). For instance, ILSFDA claims premised on violations involving the statement of record or the property report accrue at the date of signing. *See* 15 U.S.C. § 1711(a)(1). Similarly, ILSFDA suits brought by a purchaser to enforce his right of revocation also accrues at the date of signing. *See* 15 U.S.C. § 1711(b). ILSFDA claims brought under the antifraud provisions of Section 1703(a)(2),

---

[5] Section 1709 grants a purchaser or lessee the right to bring an action at law or in equity to enforce any right pursuant to Section 1703(b) through (e) or for any prohibited activities engaged in by a developer or agent under Section 1703(a).

however, accrue "after discovery of the violation or after discovery should have been made by the exercise of reasonable diligence."15 U.S.C. § 1711(a)(2).

What complicates matters here is the lack of clarity in the Complaint regarding what ILSFDA violations are being alleged.[6] Alvi asserts two causes of action, the first of which alleges that he "exercised his right of recession [sic] within two (2) years of executing the subject contract." (Compl. ¶ 27.) Based on the factual allegations in the Complaint (*see* Compl. ¶¶ 15, 17-22), this cause of action could be construed as asserting a violation under Section 1703(c) and/or (d) of the ILSFDA. This uncertainty, however, does not effect the applicable limitations period as both claims must be brought within three years after the signing of the contract. *See* 15 U.S.C. § 1711(b).

More troublesome is plaintiff's "catch-all" second cause of action which incorporates by reference all previous allegations in the Complaint and alleges that defendants "fail[ed] to comply with the law as within stated," namely the ILSFDA. (Compl. ¶ 30.) It is apparent from the Complaint that plaintiff is alleging violations of Section 1703(a)(1)(A) and (a)(1)(B) for defendants' purported failure to file a statement of record and furnish a property report. (*See* Compl. ¶¶ 14-16.) The Complaint, however, is silent as to whether Alvi is also claiming that

---

[6] Indeed, the Complaint, at times, is internally inconsistent. While plaintiff alleges that he made demands to revoke the contract to defendant within the two year period, he also alleges that he is entitled to an equitable extension of his time to revoke the contract. (Compl. ¶¶ 21, 23, 27.)

defendants violated the antifraud provisions.[7] Therefore, the Court will only address defendants' statute of limitations argument against those claims which accrued at contract execution.

It is clear from the face of the Complaint that those claims which began to accrue at the execution of the contract were not brought within the applicable three-year statute of limitations. Alvi entered into the contract to purchase the Unit on June 26, 2007 and filed his Complaint on May 25, 2012, a period far in excess of three years. As such, plaintiff's first cause of action which seeks to enforce his right of revocation under Section 1703(c) and/or (d), and those claims captured in his second cause of action which were based on allegations involving the statement of record and property report are untimely.[8]

Notwithstanding their untimeliness, Alvi argues in his opposition brief that his claims should be permitted to proceed under the doctrine of equitable tolling. In response, defendants claim that "[t]he three-year limitations period under the ILSFDA is absolute and may not be equitably tolled." (Defs.' Reply at 4.) The Court finds defendants' contention to no longer be accurate. Prior to the 1979 amendments to the ILSFDA, Section 1711 contained multiple limitation periods where certain ILSFDA claims were required to be brought "within one year after the discovery of the untrue statement or the omission" while others were required to be

---

[7]     Although defendants claim that plaintiff's counsel expressly represented that Alvi was not attempting to state a claim for fraud during the parties' October 10, 2012 pre-motion telephone conference, this contention is not entirely accurate. During the telephone conference, plaintiff's counsel represented that he was not alleging a common law fraud claim; there was no discussion or representation whether Alvi was alleging a violation of the antifraud provisions of the ILSFDA. Based on the Complaint and plaintiff's opposition papers, however, it appears that the allegations regarding purported omissions and misrepresentations over available financing were included solely for purposes of supporting his equitable tolling contention. In fact, it does not appear that such allegations could even support a claim under the antifraud provisions of the ILSFDA. Nevertheless, to the extent that plaintiff intended to assert violations of the antifraud provisions, the Complaint falls short of satisfying the heightened pleading standard for fraud claims under Rule 9. *See* Fed. R. Civ. P. 9(b).

[8]     As previously mentioned, these allegations support violations of Section 1703(a)(1)(A) and (a)(1)(B).

brought "within two years after the violation upon which it is based." 15 U.S.C. § 1711 (1978). However, the last sentence of pre-amendment Section 1711 stated that "[i]n no event shall any such action be brought by a purchaser more than three years after the sale or lease to such purchaser." *Id.* In interpreting this last sentence, courts concluded that it evidenced a congressional intent to preclude equitable tolling with respect to the three-year limitations period and provide an absolute cut-off date for all ILSFDA suits. *See e.g.*, *Cook v. Deltona Corp.*, 753 F.2d 1552, 1562 (11th Cir. 1985); *Darms v. McCulloch Oil Corp.*, 720 F.2d 490, 494-94 (8th Cir. 1983); *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1042-43 (10th Cir. 1980). However, after the 1979 amendments – which changed the limitation periods contained in Section 1711 and deleted the absolute three-year period – courts have considered equitable tolling in the context of ILSFDA claims. *See Ditthardt v. N. Ocean Condos, L.P.*, 580 F. Supp. 2d 1288, 1292-93 (S.D. Fl. 2008) (declining to follow *Cook* and applying general principles of equitable tolling in an ILSFDA action); *see also Dexter v. Lake Creek Corp.*, 2013 WL 1898381 at *4 (E.D.N.C. May 7, 2013) (considering equitable tolling in connection with claims brought under the ILSFDA); *Beaver v. Tarsadia Hotels*, 2011 WL 6098165, at *5 (S.D. Cal. Dec. 6, 2011) (same). Therefore, and contrary to defendants' contention, the three-year limitations period under the ILSFDA is no longer an absolute bar to claims and, thus, equitable tolling could apply.

The fact that equitable tolling could apply, however, does not mean that it is applicable in this case. "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996). In the Second Circuit, "a litigant seeking equitable tolling must establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing.'" *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007)). "Equitable tolling is, however, 'only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights.'" *Baroor v. N.Y.C. Dep't of Educ.*, 362 F. App'x 157, 159 (2d Cir. 2010) (quoting *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003).

Alvi's entire argument in support of equitable tolling is that defendants: (1) failed to disclose information they possessed about the financial limitations for obtaining a mortgage and, instead, advised plaintiff the opposite; and (2) misled him by stating that he would be granted additional time to close on the Unit. Because the purported misrepresentations and omissions are also alleged in the Complaint (*see,* Compl. ¶¶ 10-12, 21), it is appropriate to consider plaintiff's equitable tolling argument in the context of a motion to dismiss.[9] *See Marvel Worldwide, Inc. v. Kirby*, 756 F. Supp. 2d 461, 472 (S.D.N.Y. 2010) (evaluating equitable tolling argument on motion to dismiss by "look[ing] to the pleading and what it does (and does not) allege"); *Miller v. Potter*, 2007 WL 4615611, at *3 n.5 (E.D.N.Y. Nov. 29, 2007) (noting that the court need not convert the motion into a motion for summary judgment in order to consider equitable tolling because "plaintiff included his basis for equitable tolling in the complaint"); *see also Beaver v. Tarsadia Hotels*, 2011 WL 6098165, at *5 (S.D. Cal. Dec. 6, 2011) (analyzing plaintiff's equitable tolling argument based on the allegations in the complaint in response to defendants' motion to dismiss ILSFDA claims based on statute of limitations grounds).

---

[9] In determining defendants' Rule 12(b)(6) motion to dismiss, Alvi's affidavit, the annexed exhibits, and those facts contained in plaintiff's opposition papers which are not in the Complaint cannot be considered. *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000).

Accepting plaintiff's allegations regarding the misrepresentations and omissions as true, Alvi has nonetheless failed to meet his burden of demonstrating that equitable tolling applies in this case.

Here, plaintiff was privy to the information necessary to commence a lawsuit regarding those ILSFDA violations which accrued at the signing of the contract at the moment of contract execution. For example, Alvi knew whether or not a property report was furnished to him prior to signing the contract on June 26, 2007. To the extent a property report was not provided to him, such an omission automatically triggered violations of Section 1703(a)(1)(B) and his two year right to revoke the contract under Section 1703(c). The misrepresentations and omissions by defendants regarding the availability of financing and the additional time to close had no bearing on these ILSFDA violations. *See Dexter*, 2013 WL 1898381, at *4 (finding that defendants' misrepresentations regarding the status of amenities "could not have concealed or frustrated discovery of straightforward ILSFDA requirements" such as filing a statement of record, failing to include provisions in the contract notifying plaintiff of their option to revoke, and failing to provide a property report to plaintiffs); *Beaver*, 2012 WL 1564535, at *8 (concluding that despite the allegation that defendants' "misleading disclosures tricked them into missing the opportunity to rescind and delayed the filing of their case," plaintiffs "have not alleged any circumstances beyond their control" because "[n]othing prevented them at any time from comparing the Contracts . . . with ILSA's requirements"); *Trilogy Properties LLC v. SB Hotel Assocs. LLC*, 2010 WL 7411912, at *14 (S.D. Fla. Dec. 23, 2010) (finding that "nothing in the amended complaint hints, let alone shows, the extraordinary circumstances or due diligence that merit equitable tolling" and "the fact that the claim involves the omission of material fact cannot alone require equitable tolling"). Indeed, the ILSFDA violations at issue here "represent merely . . . 'plain and obvious violation[s] of the statute, [and] offer little or no opportunity for a

successful establishment of the tolling.'" *Dexter*, 2013 WL 1898381, at *4 (quoting *Lukenas v. Bryce's Mtn. Resort, Inc.*, 538 F.2d 594, 597 (4th Cir. 1976)).  Because the representations and omissions regarding the availability of financing neither prevented plaintiff from pursuing his rights diligently nor can be considered an extraordinary circumstance that stood in his way to timely file these ILSFDA claims,  plaintiff's contention of equitable tolling is rejected.

In sum, the expiration of the statute of limitations for those ILSFDA violations which accrued at contract execution appear on the face of the Complaint, and allegations in the Complaint are insufficient to avail plaintiff of equitable tolling.  Because plaintiff did not seek leave to amend his complaint and the Court finds that any amendment would nevertheless be futile, plaintiff's first cause of action which seeks to enforce his right of revocation under Section 1703(c) and/or (d), and those claims in his second cause of action which were based on allegations involving the statement of record and property report are dismissed with prejudice.

## *CONCLUSION*

For the reasons set forth above, defendants' motion to dismiss is granted.  The only potential open matter is whether or not plaintiff intended to plead a claim under the ILSFDA's antifraud provisions.  While the Court did not believe this was the case, to the extent that plaintiff did intend to plead such a claim and has a good faith basis to plead additional facts that would be in compliance with Rule 9(b), he is granted leave to replead and shall file his amended pleading within twenty-one (21) days of the date of this Memorandum and Order.  Plaintiff's right to replead is solely to the extent that it was his intention to plead violations of the ILSFDA's antifraud provisions.  If the plaintiff does not file an amended pleading within this time frame, his opportunity to amend shall be deemed waived and the case will be marked closed.

13

**SO ORDERED.**

Dated: Central Islip, New York
July 18, 2013

/s/
_____
Denis R. Hurley
Unites States District Judge